IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **EPICREALM, LICENSING, LLC** | § § | |
| v | § § | No. 5:07CV125 |
| **AUTOFLEX LEASING, INC., et al.** | § § | |

| | | |
|---|---|---|
| **EPICREALM, LICENSING, LLC** | § § | |
| v | § § | No. 5:07CV126 |
| **FRANKLIN COVEY CO., et al.** | § § | |

| | | |
|---|---|---|
| **EPICREALM, LICENSING, LLC** | § § | |
| v | § § | No. 5:07CV135 |
| **VARIOUS, INC.** | § § | |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Plaintiff epicRealm Licensing, LP's Motion for Leave to Supplement its Preliminary Infringement Contentions for Defendants Herbalife International, Inc. (Docket Entry #s 487, 448, 112) was referred to the undersigned for the purposes of hearing and determining said motion. The Court, having reviewed the relevant briefing and hearing arguments of counsel June 24, 2008, is of the opinion the motion should be **GRANTED**.

Pursuant to Patent Local Rule ("P.R.") 3-6(b), epicRealm moves to supplement its Preliminary Infringement Contentions to include new information obtained from (1) Herbalife International, Inc.'s ("Herbalife") production beginning December 20, 2007 (and continuing through

February of 2008); (2) Quinstreet's production of March 2008; (3) the March 10, 2008 deposition of Herbalife's 30(b)(6) designee, Josh Taurek; (4) the March 11, 2008 deposition of Herbalife's 30(b)(6) designee, Bill Ellis; and (5) the March 25, 2008 deposition of Quinstreet's (Herbalife's service provider) 30(b)(6) designee, Craig Harris.

Pursuant to P.R. 3-6(b), epicRealm may amend its initial contentions upon a showing of good cause. In arguing good cause exists for the above amendments, Plaintiff asserts the above information was produced and the depositions were taken as a result of this Court's November 20, 2007, requiring Herbalife to produce documents to epicRealm. Plaintiff contends the proposed supplemental infringement contentions could not have been provided without the production of this information and the corresponding depositions.

Given that Plaintiff now has the information needed to supplement its infringement contentions and because Plaintiff has been diligent in seeking leave for supplementation after receiving this information and taking the associated depositions, the Court finds good cause in this instance to allow Plaintiff to amend its infringement contentions as to Herbalife. Accordingly, it is

**ORDERED** that Plaintiff epicRealm Licensing, LP's Motion for Leave to Supplement its Preliminary Infringement Contentions for Defendants Herbalife International, Inc. (Docket Entry #s 487, 448, 112) is **GRANTED**. It is further

**ORDERED** that Plaintiff epicRealm Licensing, LP is granted leave to amend its infringement contentions.

**SIGNED this 26th day of June, 2008.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE