IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **EPICREALM LICENSING, LP, et al.** | § § § | |
| v | § § | No. 5:07CV125 |
| **AUTOFLEX LEASING, INC., et al.** | § | |

| | | |
|---|---|---|
| **EPICREALM LICENSING, LP, et al.** | § § § | |
| v | § § | No. 5:07CV126 |
| **FRANKLIN COVEY CO., et al.** | § | |

| | | |
|---|---|---|
| **EPICREALM LICENSING, LP, et al.** | § § § | |
| v | § § | No. 5:07CV135 |
| **VARIOUS, INC.** | § | |

**ORDER**

Before the Court are Plaintiff epicRealm Licensing, LP's Motion for Reconsideration Regarding Magistrate Judge Craven's Order of November 20, 2007 (Dkt. Nos. 430, 399, 64) and Herbalife's Objections and Motion to Reconsider the Order on Remand Regarding epicRealm's Motion to Compel (Dkt. Nos. 433, 402, 67). The Court, having reviewed the relevant briefing and hearing arguments of counsel, is of the opinion the motions should be **DENIED**.

On November 20, 2007, the Magistrate Judge issued a discovery Order adopting in part four "scenarios" proposed by epicRealm and denying two "scenarios" proposed by epicRealm.[1] After finding epicRealm had been diligent in seeking discovery from Herbalife, the Magistrate Judge

---

[1] Specifically, the Magistrate Judge did not order Herbalife to identify systems in situations where Plaintiff identified a named component attached to unnamed components nor did the Magistrate Judge order Herbalife to identify unknown systems.

ordered Herbalife to produce discovery on the following four categories: (1) websites and systems named in epicRealm's infringement contentions; (2) copies of systems named in the infringement contentions, including other versions; (3) systems named in the infringement contentions, but no named websites; and (4) websites named in the infringement contentions, but no named systems. Regarding the fourth category, the Magistrate Judge ordered Herbalife to produce to Plaintiff discovery on the systems for the named websites. However, the Magistrate Judge did not require Herbalife to produce discovery on all other unnamed websites served by those systems.

Both epicRealm and Herbalife appeal the Magistrate Judge's decision pursuant to FED. R. CIV. P. 72(a), which provides the district judge to whom the case is assigned shall consider objections and shall modify or set aside any portion of a magistrate judge's nondispositive matter found to be clearly erroneous or contrary to law. *See also* 28 U.S.C. § 636(b)(1)(A). Plaintiff epicRealm seeks a reconsideration of only the portion of the Magistrate Judge's November 20 decision concerning category four. Under category four, the Magistrate Judge granted discovery for all unnamed systems that power a named website. Plaintiff seeks reconsideration of the Magistrate Judge's decision declining to extend category four to include discovery for unnamed websites that run on those same unnamed systems..

Herbalife asks the Court to reconsider and vacate the Magistrate Judge's finding that epicRealm had been diligent in seeking discovery from Herbalife and change Herbalife's discovery obligations pursuant to the November 20 Order to exclude epicRealm's category three (system is named in the infringement contentions, no website specifically named for that system) and category four (website is named in the infringement contentions, no system specifically named).

The Magistrate Judge's decision is not clearly erroneous or contrary to law, and the Court will uphold the Magistrate Judge's November 20, 2007 Order. Both motions for reconsideration are

denied. Based on the foregoing, it is

**ORDERED** that Plaintiff epicRealm Licensing, LP's Motion for Reconsideration Regarding Magistrate Judge Craven's Order of November 20, 2007 (Dkt. Nos. 430, 399, 64) is **DENIED**. It is further

**ORDERED** that Herbalife's Objections and Motion to Reconsider the Order on Remand Regarding epicRealm's Motion to Compel (Dkt. Nos. 433, 402, 67) are **DENIED**. It is further

**ORDERED** that for websites and systems named in Plaintiff's infringement contentions, to the extent it has not already done so, Herbalife shall produce to Plaintiff, within fourteen days from the date of entry of this Order, discovery on all unnamed websites served by the same system. Where Plaintiff's infringement contentions include a copy of a system, including other versions, to the extent it has not already done so, Herbalife shall produce to Plaintiff, within fourteen days from the date of entry of this Order, discovery on the systems and websites served by those systems. For systems named in Plaintiff's infringement contentions and no website is named, to the extent it has not already done so, Herbalife shall produce to Plaintiff, within fourteen days from the date of entry of this Order, discovery on all websites served by those systems. For websites named in Plaintiff's infringement contentions and no system is named, to the extent it has not already done so, Herbalife shall produce to Plaintiff, within fourteen days from the date of entry of this Order, discovery on the systems for the named websites. The Court will not require Herbalife to produce discovery on all other unnamed websites served by those systems.

**SIGNED this 11th day of July, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE