IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION



# ORDER

Before the Court is Defendants FriendFinder Network, Inc. and Various, Inc.'s Renewed Motion for Summary Judgment of Noninfringement. Dkt. No. 688, Case No. 5:07-cv-125; Dkt. No. 300, Case No. 5:07-cv-135. Also before the Court are Plaintiffs EpicRealm Licensing LP and Parallel Network's response and Defendants' reply. Dkt. No. 690, Case No. 5:07-cv-125, Dkt. No. 302, Case No. 5:07-cv-135; Dkt. No. 692, Case No. 5:07-cv-125, Dkt. No. 303, Case No. 5:07-cv-135. Defendants incorporate their Motion to Strike the August 11, 2008 Expert Declaration of Dr. David Finkel in their reply. Dkt. No. 692, Case No. 5:07-cv-125, Dkt. No. 303, Case No. 5:07-cv-135.

Having considered the arguments of counsel and all relevant papers and pleadings, the Court finds that Defendants' motion should be **GRANTED IN PART AND DENIED IN PART**. The Court also **GRANTS** Defendants' motion to strike Dr. Finkel's August 11, 2008 Declaration, including opinions stated in the declaration, and all new evidence relied upon.

## I. PARTIES' POSITIONS

Defendants move for summary judgment of non-infringement claiming that Plaintiffs have failed to raise genuine issues of material fact with respect to their four theories on how the "releasing" limitation is satisfied in the accused systems: (1) the "TCP ACK theory;" (2) the "SBL theory;" (3) the "Test Message theory;" and (4) the "Lack of Act theory." Dkt. No. 688[1] at 1-2. In their response, Plaintiffs withdrew the latter three theories from presentation at trial. Dkt. No. 690 at 13. Thus, the only remaining infringement theory at issue for the "releasing" limitation is the "TCP ACK" theory.

As to the TCP ACK theory, Defendants argue that Plaintiffs' experts' speculation is insufficient to prevent summary judgment. Dkt. No. 688 at 9 citing *Novartis Corp. v. Ben Venue Labs., Inc.*, 271 F.3d 1043, 1050-51 (Fed. Cir. 2004). Specifically, Defendants claim that Dr. Finkel's testimony that "the receipt of an ACK message causes NetScaler to 'discard' from memory the previously forwarded request" and "frees an unspecified amount of 'resources' on the NetScaler" is unsupported by evidence since Dr. Finkel merely speculates as to 1) whether any memory "resources" are actually freed; 2) what "processor resources" might be freed by receipt of an ACK; 3) how a request is allegedly "discarded" from the NetScaler's memory; and 4) whether any "freed" resources are actually used to process other requests. *Id.* at 8-13.

Plaintiffs respond that their position that Defendants' NetScalers are "'freed' as a result of receipt of TCP acknowledgment messages" is based on "overwhelming" evidence that the

---

[1] Citations to docket entries are hereinafter only provided as docketed in Case No. 5:07-cv-125.

NetScalers implement the "standard TCP protocol" including Various's president, Mr. Rob Brackett and Various's CTO, Mr. Jourdan Clish's testimony that the NetScalers (or the FreeBSD[2] operating system within the Netscalers) use the standard TCP protocol. Dkt. No. 690 at 4-10[3]; Loveless Decl., Attach. A, Ex. 1-A, Brackett Depo at 249 & *Id.*, Ex. 1-E, Clish Depo at 55. Plaintiffs argue that summary judgment should only be granted if there is "no reasonable version of material fact upon which the nonmovant could prevail." *Id.* at 5 *quoting Brown v. 3M*, 265 F.3d 1349, 1351 (Fed. Cir. 2001). Plaintiffs note that, contrary to Defendants accusations that Dr. Finkel's opinion is mere conjecture, "Dr. Finkel specifically testified that he had everything he needed to come to his opinion that resources were freed on the NetScalers." *Id.* at 11-12. Plaintiffs further claim that Defendants characterized the NetScalers as using a "proprietary" operating system when it utilizes "an 'open-source' and publicly available operating system known as FreeBSD." *Id.* at 13.

Defendants reply that Dr. Finkel's supplemental declaration and materials not previously discussed should not be considered since Plaintiffs were aware of FreeBSD and Defendants were not withholding relevant information. Dkt. No. 692 at 2-3 quoting Fed. R. Civ. P. Rule 37(c)(1); Id. citing Betzel & Barret. Defendants claim that the source code analyzed by Dr. Finkel cannot be linked to the accused systems since "while it is undisputed that the NetScaler systems employ

---

[2] Plaintiffs attach Dr. Finkel's supplemental declaration of his review of the FreeBSD source code to their response brief. *See id.*, Ex. 2.

[3] Plaintiffs also point out that Dr. Finkel's opinion was based on and confirmed by the industry standard TCP protocol specification document (RFC 793), a book entitled TCP/IP Illustrated, Volume 2: The Implementation, the FreeBSD documentation, the Netscaler manual, a textbook called Computer Networks, 4th edition, Dr. Alexander's testimony, and Various's admission. Dkt. No. 690 at 7-10.

the TCP standard, NetScaler's proprietary implementation of TCP remains unknown . . . ." *Id.* at 7. Defendants argue that Plaintiffs have failed to satisfy their burden of proof since they do not address the four deficiencies pointed out in Defendants' motion. *Id.* at 9-10.

## II. DISCUSSION

### 1. Dr. Finkel's August 11, 2008 Declaration and new evidence relied upon

The Federal Rule of Civil Procedure Rule 26(a)(B)(i) provides that an expert's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(B)(i). Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. Rule 37(c)(1).

Four factors are considered in determining whether to exclude expert testimony: (1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

<u>(1) Plaintiffs' explanation for late supplementation</u>

Plaintiffs argue that Defendants were withholding a "secret" (i.e. that Defendants' Netscaler used an open-source operating sytem known as FreeBSD instead of a "proprietary" operating system), which was only disclosed in Defendants' expert, Dr. Peter Alexander's July 3, 2008 Deposition and confirmed in Defendants' CTO, Mr. Jourdan Clish's July 10, 2008 Deposition. Dkt. No. 690 at 13-14 *discussing Id.*, Ex. 1-B & Ex. 1-E. Defendants claim that

Plaintiffs were aware of Netscaler's use of FreeBSD since the Netscaler Manual cited to in Plaintiffs' opposition to earlier summary judgment motions and Plaintiffs' expert reports "specifically discusses Netscaler's use of FreeBSD functionality." Dkt. No. 692 at 3; *See also* Netscaler Manual, *Id.*, Clish Decl., at Ex. A; Dr. Finkel's Supplemental Expert Reported dated 5/30/2005, *Id.*, Sacksteder Decl. at Ex. A; Netscaler Manual, Dkt. No. 511, Ex. A-5.2. Defendants also claim that a FreeBSD banner appears when their Netscaler is booted up. Dkt. No. 692 at 6.

The Court finds that Plaintiffs are not necessarily charged with knowledge or a duty to investigate every detail in any materials used in the litigation. *See* Aug 15, 2008 Hearing[4]. However, as Defendants argue, even if Plaintiffs believed that Netscaler's internal operations were proprietary information of a third party (Citrix) and thus not discoverable from Defendants, the Court is not aware of any efforts made by the Plaintiffs to obtain the source code or other non-public documentation on the internal operations of Defendants' Netscaler directed towards Citrix. *See* Dkt. No. 688 at 9; Dkt. No. 692 at 6. Thus, the Court finds that Plaintiffs have not adequately explained their late supplementation.

**(2) & (3) Prejudice to the opposing party of allowing the witnesses to testify and the possibility of curing such prejudice by granting a continuance**

As Defendants argue, the addition of Dr. Finkel's analysis of source code not previously discussed and the new materials on which his opinions are based at this late stage would prejudice the Defendants. *See* Dkt. No. 692 at 4. Dr. Finkel's supplemental declaration was filed

---

[4] At the hearing on the renewed summary judgment motions, the Plaintiffs argued that they should not be charged with knowledge of a "needle in a haystack"—i.e., a few mentions of "FreeBSD" in a 1000-page manual.

on August 11, 2008, which was four days before jury selection and seven days before trial was set to begin. Furthermore, Plaintiffs do not request a continuance in this case. *See* Dkt. No. 690 & August 15, 2008 Hearing.[5] To the contrary, even after Dr. Alexander identified the operating system on Netscaler as "some variant of a Unix BSD release," allegedly for the first time on July 3, 2008, and Mr. Clish purportedly confirmed on July 10, 2008 that Netscaler uses the FreeBSD operating system, Plaintiffs continued to oppose continuance in this case. *See* Dkt. No. 680 (filed August 5, 2008); *See also* Dkt. No. 690 at Ex. 1-B & 1-E. Thus, the Court finds that these two factors weigh against Plaintiffs.

(4) The importance of the witnesses' testimony

Plaintiffs claim that Dr. Finkel's supplemental declaration merely *"confirms* his prior opinions." (emphasis added) *See eg.*, Dkt. No. 690 at 5[6]; *Id.* at 7[7]. Furthermore, Defendants argue that "[Plaintiffs] cannot prove that the source code Dr. Finkel belatedly examined is actually used in Netscaler." Dkt. No. 692 at 5. The Court finds that Defendants argument may undercut the relevance of Dr. Finkel's analysis. To the extent that Dr. Finkel's supplemental testimony regarding the source code of the system that he analyzed is significant to Plaintiffs' case, the Court finds that this factor is outweighed by the other three factors.

Therefore, Dr. Finkel's supplemental declaration dated August 11, 2008 and the new

---

[5] Plaintiffs also indicated their opposition to a continuance at the preliminary pretrial conference on July 22, 2008 and did not request a continuance at the final pretrial conference on August 4, 2008. Dkt. Nos. 644 & 682.

[6] ". . . Dr. Finkel has also supplied a Declaration of a [sic] his review of the FreeBSD source code that was conducted to confirm his prior opinions."

[7] "To confirm his understanding of TCP/IP as it applies to the Netscalers, Dr. Finekel reviewed the FreeBSD operating system source code . . . ."

evidence on which he bases his opinion are excluded from consideration.

### 2. The merits of Defendants' motion for summary judgment

In a motion for summary judgment, the moving party has the initial burden of showing that there is no genuine issue of any material fact and that judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). An issue is "material" where it involves a fact that might affect the outcome of the suit under the governing law of the underlying cause of action. *See Burgos v. S.W. Bell Tel. Co.*, 20 F.3d 633, 635 (5th Cir. 1994) (citing *Anderson*, 477 U.S. at 248)). The nonmovant is not required to respond to a motion for summary judgment until the movant first meets its burden of demonstrating that there are no factual issues warranting trial. *Ashe v. Corley*, 992 F.2d 540 (5th Cir. 1993). Once the movant has shown the absence of material fact issues, however, the opposing party has a duty to respond, via affidavits or other means, asserting specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 242, 248 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248.

Although Defendants argue that "[Plaintiffs] cannot prove that the source code Dr. Finkel belatedly examined is actually used in Netscaler" since "FreeBSD is open source software that can be modified by anyone willing to implement it" and "NetScaler's proprietary implementation

of TCP remains unknown," Plaintiffs cite to testimony by Mr. Bracket, Mr. Clish and Dr. Alexander for the position that the standard TCP implementation of FreeBSD is used in Defendants' Netscaler. *See* Dkt. No. 692 at 5-7; Dkt. No. 692 at 6-8; See Dkt. No. 690 at Ex. 1-A at 249-251, 1-B & 1-E.

Additionally, although Dr. Finkel's supplemental declaration and the new evidence upon which his opinion is based has been excluded, Plaintiffs also cite to the industry standard TCP protocol specification document[8] that provides that when the TCP transmit a segment and that acknowledgment is received, that "segment is deleted from the queue" and not "retransmitted;" the Netscaler manual[9] that states that "[s]ince the server does not have to retransmit packets . . . the server is free to perform other tasks;" the textbook called *Computer Networks*[10] that discusses "retransmission" if "the timer goes off before the acknowledgment comes in;" Dr. Alexander's deposition testimony[11] discussing "retransmission;" and Defendants' statement discussing "a situation where the NetScaler frees the accused page server." Dkt. No. 690 at 7-9.

Furthermore, in responding to Defendants' argument that Dr. Finkel's opinions are "unsupported speculations" because he did not review Netscaler source code, Plaintiffs provide that Dr. Finkel reviewed:

> hundreds of pages of source code configuration files (describing Various' control of the Netscaler source code), a 1112 page Netscaler manual , Netscaler product feature documentation, TCP protocol specifications, Various' documentation on their use of Netscaler, books describing the TCP protocol, and deposition testimony of Various

---

[8] RFC 793 at 9, Dkt. No. 494, Ex. A, Tab 3.

[9] Netscaler Manual, Dkt. No. 511, Ex. A-5.

[10] Computer Networks, Section 6.5.10, Dkt. No. 690, Ex. 2, Appendix 1.

[11] Dkt. No. 690, Ex. 1-B.

employees concerning the operation of Netscaler in their system.[12]

Dkt. No. 690 at 11.

In response to Defendants' arguments that Plaintiffs lack the evidence to show that memory or processing resources are freed, Plaintiffs state that "Dr. Finkel testified that the manner in which Netscaler allocates memory does not affect his opinion that memory is freed" and "Dr. Finkel specifically testified that he had everything he needed to come to his opinion that resources were freed on the Netscalers." *See* Dkt. No. 690 at 12.

In *Novartis Corp.*, the Federal Circuit stated as follows:

> Under modern summary judgment law, a patentee who fails to provide probative evidence of infringement runs the risk of being peremptorily nonsuited. Evidence from which a reasonable fact-finder could find infringement will forestall this possibility. However, a party does not meet this evidentiary threshold merely by submitting the affidavit of an expert who opines that the accused device meets the claim limitations.

*Novartis Corp. v. Ben Venue Laboratories, Inc.*, 271 F.3d at 1050-51 *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *See also id.* (". . . mere 'theoretical speculations' lacking a basis on the record will not create a genuine issue of fact."). Thus, the Court agrees with the Defendants that mere "theoretical speculations" by an expert will not create a genuine issue of material fact. *See* Dkt. No. 688 at 9.

However, the Court finds that Plaintiffs have shown sufficient evidence to cross the threshold of mere speculation in this case. As discussed above, Plaintiffs cite to various sources upon which they base their "TCP ACK" infringement theory. *See* Dkt. No. 690 at 6-10. Since there is a "reasonable version of material fact upon which the nonmovant could prevail," a

---

[12] Note that some of this evidence has been discussed above.

genuine issue of material fact remains in this case. *See Brown v. 3M*, 265 F.3d at 1351.

Additionally, the Court clarifies its Order regarding additional claim construction issues. *See* Dkt. No. 686. As Defendants point out, the Court's statement quoted by Plaintiffs[13] was made in the context of holding that the "release" of a web server may not occur before a page server/ web server receives a request and should not be read to conflict with the previous Claim Construction Order construing "releasing" as "[page server] performing an act (separate from merely receiving the request) to free the web server [to process other requests.]" *See* Dkt. No. 194 at 29; *See also* Dkt. No. 690 at 10 & Dkt. No. 692 at 10-11. The Court has previously found that Plaintiffs' objections to the Magistrate Judge's report and recommendations for the construction of the "releasing" limitations[14] were without merit. *See* Dkt. No. 214 at 2 & Dkt. No. 260 at 1. Thus, the Court hereby expressly rejects Plaintiffs' "implicit releasing theory" where a web server may be released by the page server processing the request routed from the web server.

### III. CONCLUSION

For all of these reasons, Defendants' Motion for Summary Judgment of Noninfringement (Dkt. No. 688 + Co Kt. No. 300) should be **GRANTED IN PART** as to the "SBL theory;" the "Test Message theory;" and the "Lack of Act theory" and **DENIED IN PART** as to the "TCP ACK theory."

---

[13] ". . . the Court finds that the quoted passage simply describes an embodiment where first, a dynamic page request is routed from the web server to the page server; second, the page server releases the web server by processing the request itself; and third, the web server then is free to continue processing other requests." Dkt. No. 686 at 13.

[14] ". . . epicRealm does take issue with the Report and Recommendation's requirement that the page server must 'perform[] an act' to release." Dkt. No. 214 at 2.

The Court also **GRANTS** Defendants' Motion to Strike Dr. Finkel's August 11, 2008 Declaration (Dkt. No. 692) case # 5:07cv125 (Dkt. No. 303) case # 5:07cv135.

**SIGNED this 17th day of August, 2008.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE